ALERS ET AL., DEMANDANTES Y APELANTES, *v.* AMERICAN RAIL-
ROAD COMPANY OF PORTO RICO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa sobre daños y perjuicios.

No. 1435.—Resuelto en julio 13, 1916.

MATRIMONIO NATURAL—DECLARACIÓN DEL ESTADO DE MATRIMONIO NATURAL—
JURISDICCIÓN.—Para que un hombre y una mujer puedan reclamar los dere-
chos provenientes de un estado de matrimonio natural, no basta que reunan
los requisitos necesarios para la existencia del matrimonio natural sino que
es indispensable además que tal estado de matrimonio natural haya sido
declarado por un juez de distrito en el procedimiento fijado por la ley sobre
la materia.

ID.—INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS—DECLARACIÓN DEL ESTADO DE MA-
TRIMONIO NATURAL.—Son insuficientes las alegaciones de una demanda sobre
indemnización de daños y perjuicios por la muerte de un hijo presentada
por un hombre y una mujer fundada en un estado de matrimonio natural,
sin el requisito de la declaración por un juez de distrito de tal estado de
matrimonio por los trámites establecidos, aun cuando en la fecha del naci-
miento del hijo tuvieran los demandantes todos los requisitos legales y la
capacidad necesaria para contraerlo, porque en dicho pleito sobre indemni-
zación no puede probarse ni obtenerse la declaración del estado de matri-
monio natural.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Horton & Arroyo y M.
Romany.*

Abogado de la apelada: *Sr. F. G. Pérez Admiroty.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Alegaron los demandantes en este pleito que desde el año
1894 hasta 1907 estuvieron viviendo bajo un mismo techo,
pública y notoriamente, como marido y mujer en estado de
matrimonio natural, teniendo entonces los requisitos legales
y la capacidad necesaria para contraer matrimonio con arre-
glo a las leyes entonces vigentes, considerándose ambas para
todos los negocios como marido y mujer, y que en dicha época
les nació un hijo el día 24 de febrero de 1904 y que aunque
algún tiempo después la mujer incoó los trámites necesarios
para inscribir en el registro civil el matrimonio natural en

que vivían no se llevó nunca a efecto por causas ajenas a su voluntad. Alegando además que dicho niño es hijo legítimo de los demandantes como consecuencia de su matrimonio natural piden que la corporación demandada los indemnice por su muerte debida a la negligencia de la demandada.

Opuesta por ésta la excepción de que la demanda no aduce hechos determinantes de causa de acción la sostuvo el Tribunal de Distrito de Mayagüez por el fundamento de que para que se pueda considerar legalmente constituído un matrimonio natural es indispensable que dicho matrimonio esté inscrito en el registro civil en virtud de orden dictada por el juez de una corte de distrito en un procedimiento seguido con ese fin, en cuya orden se decrete que existe un matrimonio natural de acuerdo con la ley de 12 de marzo de 1903 ''definiendo el matrimonio natural y estableciendo un procedimiento para legitimar e inscribir dicha unión'' con cuyo requisito no han cumplido los demandantes, por cuya razón no debe estimarse que entre ambos haya existido el matrimonio natural de que trata dicha ley.

Dictada subsiguientemente sentencia declarando sin lugar la demanda por ese motivo y apelada por los demandantes, la única cuestión que tratan en este recurso ambas partes litigantes es si el juez inferior erró o no al desestimar la demanda por ese fundamento.

La citada ley, que estuvo en vigor desde 1º. de octubre de 1903 hasta el año 1906 en que fué totalmente derogada, dedica sus dos primeras secciones a determinar cuándo un hombre y una mujer que no se han casado son considerados que se hallan en matrimonio natural y que al hijo o hijos nacidos durante dicho matrimonio natural se les considerará como legítimos. Las restantes secciones de la ley están dedicadas a fijar el procedimiento por el cual se declarará la existencia del matrimonio natural y se ordenará su inscripción en el registro civil.

¿La tramitación de ese procedimiento y su resolución favorable a los que han vivido de esa manera es requisito indis-

pensable para que puedan ejercitarse los derechos derivados de la existencia de un matrimonio natural? Tal es la única cuestión que tenemos que resolver.

Como la ley fija determinado trámite para obtener la declaración de un derecho, no es lícito a las partes prescindir de él y adoptar otro distinto.

La ley a que venimos refiriéndonos hace en sus dos primeras secciones la declaración de un derecho y en las demás especifica la manera como ese derecho puede ser declarado, por lo que entendemos que sólo siguiendo esos trámites es que puede obtenerse la declaración del derecho. Para que un hombre y una mujer puedan reclamar los derechos provenientes de un estado de matrimonio natural, no basta que reunan los requisitos necesarios para la existencia del matrimonio natural sino que es indispensable además que tal estado de matrimonio natural haya sido declarado por un juez de la corte de distrito a quien la ley confiere jurisdicción para hacer tal declaración. Si las alegaciones de la demanda sin el requisito de la declaración por un juez de distrito del estado de matrimonio natural por los trámites establecidos fueran suficientes, entonces sería necesario que en este pleito sobre indemnización entraran los demandantes a probar y a obtener la declaración del estado de matrimonio natural y también serían buenas esas alegaciones en una corte municipal reclamando menos de quinientos dollars y para que el juez los concediera tendría que declarar, sin tener jurisdicción para ello, la existencia del matrimonio natural. Esto sería ilegal y sería también prescindir de la tramitación que para obtener ese resultado fijó expresamente la ley.

Los trámites de la ley no son sólo para obtener la inscripción del matrimonio natural como medio de probarlo sino que su principal objeto es la declaración de la existencia del matrimonio natural, siendo la consecuencia de tal declaración la orden de inscripción, y así vemos que en todas las secciones de la ley se trata de tal declaración y subsiguientemente de la inscripción. El hecho de que la sección ter-

cera no imponga a los que viven en ese estado el deber de tramitar el expediente y lo deje a su voluntad no quita fuerza a los anteriores razonamientos pues siendo un derecho que les reconoce los deja en libertad de ejercitarlo, siendo la sanción por su falta de ejercicio el que no podrán reclamar los derechos que del mismo se deriven.  Es cierto que en la sección primera después de expresar que a los que vivan en las condiciones que en ella se expresa se les considerará como matrimonio legal y que declara que el subsiguiente matrimonio de cualquiera de las partes se tendrá por bigamia, castigándose como tal de acuerdo con las disposiciones del Código Penal, pero entendemos que esto ha de estar subordinado al hecho de que haya sido declarado tal matrimonio conforme a los trámites que estableció la ley.

Por los motivos expuestos la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison disintió.